**IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 2:10-CV-04247-NKL |
| ) | |
| DAVY O. CROCKETT, et al. ) | |
| ) | |
| Defendants. ) | |

**ORDER**

Pending before the Court is the United States' Motion to Dismiss Connie Clark and Davy Crockett's ("Defendants") Counterclaim. [Doc. # 55]. The United States requests that this Court construe Defendants' Counterclaim as an amendment to their Answer, or in the alternative, dismiss Defendants' Counterclaim for failure to state a claim. For the following reasons, the Court GRANTS the motion and will construe Defendants' Document # 37 as an amendment to their Answer.

**I.  Background**

On November 18, 2010, the United States commenced this civil action seeking to reduce to judgment federal income tax and civil penalty assessments against Defendants and to foreclose on tax liens that encumber their property interests, including real property located in Osage Beach, Missouri. [Doc. # 1]. Defendants answered the United States' Complaint on February 23, 2011. [Doc. # 32]. On February 28, 2011, Defendants filed a

1

Counterclaim against the United States. [Doc. # 37]. Namely, Defendants contend that "[m]any of the factual allegations" relating to the United States' allegations of fraudulent transfer are untrue." [Doc. # 37, ¶ 3]. In addition, Defendants allege that the United States filed a "frivolous claim" without "adequate investigation and factual support," failed to consult relevant, publicly available documents before bringing suit, "gave no notice or demand" to Defendants of the United States' claims prior to filing the suit, and improperly included other defendants in the suit. [Doc. # 37, ¶¶ 4, 6, 7, 10]. They claim the United States filed the Complaint solely to "embarrass" them and "pressure [them] into paying or admitting to tax liability." [Doc. # 37, ¶ 8]. In their prayer for relief in the Counterclaim, Defendants ask the Court to dismiss Count III of the United States' Complaint. They also seek costs, attorney's fees, and reimbursement for any economic loss they incur as a result of the underlying suit. [Doc. # 37, at 3].

**II.   Discussion**

On a motion to dismiss, the Court construes the complaint liberally, in the light most favorable to the plaintiff. *Eckert v. Titan Tire Corp.*, 514 F.3d 801, 806 (8th Cir. 2008). Pursuant to Federal Rule of Civil Procedure 8(a)(2), a complaint must present "a short and plain statement of the claim showing that the pleader is entitled to relief." The purpose of a short and plain statement is to provide defendants with "fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 545 (2007) (citation omitted). To satisfy this standard, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"

2

*Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Twombly*, 550 U.S. at 570). On a motion to dismiss, a court's evaluation of a plaintiff's complaint is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 129 S. Ct. at 1950.

Here, Defendants–as counterclaim plaintiffs–have failed to meet these pleading standards. Defendants' request for relief appears to be prefaced on the allegation that the United States filed a "frivolous claim." Yet, merely stating this alleged conduct, even when coupled with explicit requests for relief, provides the Court with little guidance as to why Defendants are entitled to relief. Thus, the Court finds that Defendants failed to adequately plead a counterclaim. However, the Court also finds that it is in the interest of justice to construe Defendants' Document # 37 as an amendment to their Answer to the United States' Complaint, as Defendants' document asserts defenses as to why the United States should not prevail in its case. Fed. R. Civ. P. 8(c)(2).

### III. Conclusion

Accordingly, it is hereby ORDERED that the United States' Motion to Dismiss [Doc. # 55] is GRANTED. The Court hereby construes Defendants' Document # 37 as an amendment to their Answer.

s/ Nanette K. Laughrey
NANETTE K. LAUGHREY
United States District Judge

Dated: May 23, 2011
Jefferson City, Missouri